WYC:KVH
F.#2009R02085

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

PARKE LEVY and
LORRAINE LEVY,

          Defendants.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No._____
(T. 18, U.S.C., §§ 1347,
1349, 982(a)(7), 2 and
3551 et seq.)

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

       At all times relevant to this Indictment, unless otherwise indicated:

<u>The Medicare Program</u>

       1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

       2.    Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

       3.    Medicare included coverage under two primary components, hospital insurance ("Part A") and medical

insurance ("Part B").   Medicare Part B covered the costs of

physicians' services and outpatient care, including an

individual's access to durable medical equipment ("DME"), such as

diabetic supplies.

4.    Diabetic supplies included, among other items,

diabetic shoes and customized inserts for those shoes.   Medicare

covered up to one pair of diabetic shoes and three pairs of

inserts annually for each patient, provided that the items were

medically necessary, as determined by the treating physician;

that a physician signed a certification that the patient was

diabetic; that the patient had a specified  condition, such as a

foot ulcer, foot deformity or poor circulation; and that the

doctor had treated the patient under a comprehensive plan of care

for diabetes.

5.    Medicare covered two types of shoe inserts: a

high-end heat-molded insert, for which Medicare paid

approximately $180, and a low-end pressure molded insert, for

which Medicare paid approximately $121. The high-end insert was

custom molded to the patient's foot through a process involving

an external heat source of 230 degrees Fahrenheit, and the low-

end insert was custom molded to the patient's foot based on a

model or imprint.   Medicare did not reimburse for inserts which

were not custom molded.

6.    Medical providers certified to participate in Medicare, whether clinics or individuals, were assigned a provider identification number ("PIN") for billing purposes. After a medical provider rendered a service, the provider used its PIN when submitting a claim for reimbursement to the Medicare contractor or carrier assigned to that provider's state.

7.    Medical providers were provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Medical providers were permitted to submit reimbursement claims only for services they actually rendered, and providers were required to maintain patient records verifying the provision of services.

8.    To receive reimbursement for a covered service from Medicare, a medical provider was required to submit a claim, either electronically or in writing through Form CMS-1500 or UB-92.  The claim had to include information identifying the medical provider, the patient and the services rendered.

Americare In Home, LLC

9.    Americare In Home, LLC ("Americare") was a Nevada limited liability company which purported to do business at 2219 Voorhies Avenue, Brooklyn, New York.  Americare was a medical provider certified to participate in and purported to provide,

4

among other things, diabetic supplies, including shoes and inserts, to Medicare beneficiaries.

The Defendants

10. Defendant PARKE LEVY owned, controlled and directed the operations of Americare.

11. Defendant LORRAINE LEVY, was Director of Customer Service at Americare.

The Fraudulent Scheme

12. The defendant LORRAINE LEVY would solicit Medicare beneficiaries to allow Americare to provide them with diabetic supplies, including "free" shoes and inserts every year, even if they were not medically necessary.

13. The defendant PARKE LEVY and others would meet with Medicare beneficiaries to measure their feet using a measuring stick or ruler. Despite obtaining these measurements, the defendant PARKE LEVY would deliver or have delivered to the beneficiaries over-the-counter inserts costing approximately $20 for three pairs, rather than custom molded inserts.

14. The defendants PARKE LEVY and LORRAINE LEVY would submit or cause to be submitted Medicare claims falsely billing between $152 and $246 for three pairs of custom molded inserts, when in fact only over-the-counter inserts had been provided to beneficiaries.

<u>COUNT ONE</u>
(Healthcare Fraud Conspiracy)

15.   The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

16.   In or about July 2006 and November 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PARKE LEVY and LORRAINE LEVY, together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), to wit: Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items and service, all in violation of Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 <u>et seq.</u>)

<u>COUNTS TWO THROUGH NINE</u>
(Health Care Fraud)

17.   The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

18.   On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendants PARKE LEVY and LORRAINE LEVY, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), to wit: Medicare, and obtained, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items and services:

| Count | Defendants | Medicare Beneficiary | Claim Date | Item Billed | Approx. Amount Claimed |
|-------|------------|---------------------|------------|-------------|------------------------|
| 2 | PARKE LEVY and LORRAINE LEVY | C.K. | 8/3/2006 | Multi-density custom mold insert | $216.84 |
| 3 | PARKE LEVY and LORRAINE LEVY | S.C. | 4/7/2007 | Multi-density insert direct form | $151.56 |
| 4 | PARKE LEVY and LORRAINE LEVY | P.V. | 5/14/2009 | Multi-density insert custom mold | $246.00 |
| 5 | PARKE LEVY and LORRAINE LEVY | A.M. | 6/27/2007 | Multi-density insert direct form | $151.56 |
| 6 | PARKE LEVY and LORRAINE LEVY | J.L. | 8/3/2007 | Multi-density insert direct form | $121.24 |
| 7 | PARKE LEVY and LORRAINE LEVY | H.L. | 8/3/2007 | Multi-density insert direct form | $121.34 |

7

| Count | Defendants | Medicare Beneficiary | Claim Date | Item Billed | Approx. Amount Claimed |
|---|---|---|---|---|---|
| 8 | PARKE LEVY and LORRAINE LEVY | M.T. | 7/14/2008 | Multi-density insert direct form | $151.56 |
| 9 | PARKE LEVY, LORRAINE LEVY | M.Y. | 5/15/2009 | Multi-density custom mold insert | $246.00 |

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

19.   The United States hereby gives notice to the defendants charged in this Indictment that, upon their conviction of any offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real and person, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including but not limited to a sum of money in United States currency, in an amount to be determined at trial, for which the defendants are jointly and severally liable.

20.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(7))

A TRUE BILL,

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

### Information Sheet

United States District Court
Eastern District of New York

1.  Title of Case:        **United States v. Parke Levy and Lorraine Levy**

2.  Related Magistrate Docket Number(s): M-09-_____

3.  Arrest Date:        <u>   To Be Arrested           </u>

4.  Nature of offense(s):    ☒    Felony
                             ☐    Misdemeanor

5.  Related Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules):   **N/A**

6.  Projected Length of Trial:      Less than 6 weeks  **(X)**
                                    More than 6 weeks ( )

7.  County in which crime was allegedly committed:     Queens
      (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment/information been ordered sealed?     (X) Yes   () No

9.  Have arrest warrants been ordered?                       (X) Yes   () No

                                    Benton J. Campbell
                                    United States Attorney

                    By:   _Katherine Houston_____
                                    Katherine Houston
                                    Trial Attorney
                                    (718)-254-6033